IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWNN ERICK NAHKAHYEN-CLEARSAND,<br><br>         Plaintiff,<br><br>   vs.<br><br>DEPARTMENT OF HEALTH & HUMAN SERVICES, STACY SWEENY, Acting Chief Executive Officer; ROGER DONOVICK, Dr. - Medical Director; DENNIS CONNOLLY, Dr.; and THERESA HANSEN, RN;<br><br>         Defendants. | **8:17CV43**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on February 13, 2017. (Filing No. 1.) He has been granted leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff is confined at the Lincoln Regional Center ("LRC"). (Filing No. 1.) He names the Department of Health and Human Services ("DHHS") and four purported LRC employees as Defendants in his Complaint. (*Id*. at CM/ECF pp. 1-2.) The four employees are Stacy Sweeny ("Sweeny"), Dr. Roger Donovick ("Dr. Donovick"), Dr. Dennis Connolly ("Dr. Connolly"), and Theresa Hansen, RN ("Hansen"). (*Id*.)

Plaintiff alleges that, while playing football, he landed on another person's foot and hurt his ankle. (*Id.* at CM/ECF p. 3.) He heard "2 loud pops." (*Id.*) Two staff members helped him to the medical ward, where Hansen examined his foot. (*Id.*) Plaintiff alleges that Hansen told him that his foot was sprained and gave him ice. (*Id.*) This occurred on Saturday, August 6, 2016. (*Id.*)

Plaintiff alleges that nothing else was done until Monday, August 8th, when he saw Dr. Connolly. (*Id.*) Dr. Connolly ordered x-rays. (*Id.*) Plaintiff alleges that nothing else was done until Thursday, August 11th, when he was called to Dr. Connolly's office. (*Id.*) Plaintiff learned that day that a bone in his foot was fractured. (*Id.*) He requested a boot be put on his foot, but was told that he had an appointment with Dr. Bozart on August 16th and it would be discussed then. (*Id.*) Plaintiff alleges that, for the next three days, he requested that something be put on his foot but nursing staff told him that Dr. Connolly stated that he had to wait for his appointment with Dr. Bozart. (*Id.* at CM/ECF p. 4.) On August 16th, Dr. Bozart put Plaintiff's foot in a boot. (*Id.*)

Plaintiff alleges that, on November 8th, he had a follow-up appointment with Dr. Bozart, who took a new set of x-rays. (*Id.*) The x-rays showed that the bone in Plaintiff's foot had not healed properly. (*Id.*) Plaintiff was told that he had to have surgery and a screw would "fix it." (*Id.*) Plaintiff alleges that, on November 24th, he asked Hansen if the appointment for his surgery had been made. (*Id.*) He was told that it had not. (*Id.*) The surgery was scheduled for December 8th. (*Id.*)

Plaintiff asserts claims under 42 U.S.C. § 1983 for failure to "provide necessary and appropriate healthcare." (*Id.* at CM/ECF p. 5.) He also asserts claims under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA") "for failing to provide reasonable accommodations and/or modifications to policies to receive healthcare in the most integrated setting appropriate to the Plaintiff's needs." (*Id.*) Plaintiff continues, "By not immediately transporting the Plaintiff to the hospital the day the injury occurred and by after finding that bone to be fractured, not doing anything until a week later." (*Id.*)

2

Plaintiff contends that, as result of his injury, he was "passed over" for a job. (*Id*. at CM/ECF p. 4.) He also states that he "was denied work. My job was given to someone else due to my injury." (*Id*. at CM/ECF p. 6.) He seeks monetary damages and asks that the "Lincoln Regional Center Medical Department be placed under investigation."[1] (*Id*.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

---

[1] To the extent that this is Plaintiff's request for injunctive relief, it is too conclusory. *Ex parte Young* permits an injunction against a state official in his official capacity to stop an ongoing violation of federal law. *Randolph v. Rodgers*, 253 F.3d 342, 348 (8th Cir. 2001). Plaintiff does not allege any ongoing violation nor is "Lincoln Regional Center Medical Department" a defendant nor does Plaintiff allege what exactly should be investigated. Accordingly, the court construes Plaintiff's request for relief against named Defendants as solely for monetary damages.

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Section 1983 Claims

Plaintiff did not specify the capacity in which the individual defendants are sued. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Congress did not abrogate the states' sovereign immunity when it enacted 42 U.S.C. § 1983. *Smith v. Beebe*, 123 F. App'x 261, 262 (8th Cir. 2005) (citations omitted). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff has sued DHHS, a state instrumentality, and four of its employees in their official capacities under § 1983 solely for monetary relief. The Eleventh Amendment bars his claims against them. Plaintiff's § 1983 claims for monetary relief against Defendants must be dismissed.

**B. ADA and Rehabilitation Act Claims**

Plaintiff states that he brings this action under Title II of the ADA and Section 504 of the RA. Disability discrimination is prohibited by federal statute. Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs, or activities of a public entity. *Randolph*, 170 F.3d at 857 (8th Cir. 1999).[2] To state a prima facie claim under Title II of the ADA, a plaintiff must show: 1) he is a qualified individual with a disability; 2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and 3) that such exclusion, denial of benefits, or other discrimination, was by reason of his disability. *See* 42 U.S.C. § 12131 *et seq.*; *see also Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998).[3]

---

[2] Section 504 of the RA similarly provides that "[n]o otherwise qualified individual with a disability ... shall ... be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a) (2000). The enforcement, remedies, and rights are the same under both Title II of the ADA and § 504 of the RA. *See Hoekstra v. Independent Sch. Dist. No. 283*, 103 F.3d 624, 626 (8th Cir. 1996).

[3] The RA contains the additional requirement that the plaintiff show the program or activity from which he is excluded receives federal financial assistance. *See Gorman*, 152 F.3d at 911; *Thomlison v. City of Omaha*, 63 F.3d 786, 788 (8th Cir. 1995). Because federal funding is not alleged, Plaintiff's Complaint does not state a claim for relief under the RA.

A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities ... (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).[4] A physical impairment is "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine." 29 C.F.R. § 1630.2(h)(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working," as well as operations of major bodily functions. *See* 42 U.S.C. § 12102(2).

Plaintiff's allegations fail to "nudge" his claims from "conceivable to plausible" for a number of reasons. First, Plaintiff fails to allege sufficient information about his injury for the court to discern whether he is a "qualified individual with a disability." *See Orr v. City of Rogers*, No. 5:15-CV-05098, 2017 WL 477722, at *7–8 (W.D. Ark. Feb. 3, 2017), *reconsideration denied*, No. 5:15-CV-05098, 2017 WL 772913 (W.D. Ark. Feb. 27, 2017) (finding the weight of authority to be that broken bones and similar injuries are not treated as disabilities under the ADA). Second, Plaintiff's claims are premised on his assertion that he did not receive healthcare in the manner and location of his preference. A lawsuit under the ADA cannot be based on medical treatment decisions. *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005). Finally, Plaintiff makes allegations

---

[4] Plaintiff states that he was "temporarily disabled," thus the court construes his claims under 42 U.S.C. § 12102(1)(A).

of employment discrimination. However, Title I of the ADA is the exclusive remedy for claims of disability discrimination in employment. *See Neisler v. Tucker*, 807 F.3d 225, 227 (7th Cir. 2015). If the court construes Plaintiff's claims under Title I instead of Title II, the Eleventh Amendment bars his claims for monetary relief.[5] *See id*. at 228. Alternatively, Plaintiff fails to allege any details about the work at LRC for the court to know if it is included within the statutory terms "services, programs, or activities" under Title II. *See id*. at 227 (explaining the difference between paid employment and a vocational program that benefits a prisoner); *see also Brumfield v. City of Chicago*, 735 F.3d 619, 626 (7th Cir. 2013) ("[E]mployment is not ordinarily conceptualized as a 'service, program, or activity' of a public entity."). The court is also left to speculate, because of Plaintiff's allegations, whether he was denied work entirely; if his current job position was reassigned; whether he applied for and was denied a job position; or any combination thereof.

### C.  Claims Against Sweeny and Dr. Donovick

Plaintiff names Defendants Sweeny and Dr. Donovick only in the caption of his Complaint. He does not mention them at all in his allegations. A complaint that only lists a defendant's name in the caption or elsewhere in the complaint, without alleging that the defendant was personally involved in the alleged misconduct, fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003). Accordingly, Plaintiff fails to state a claim against Sweeny or Dr. Donovick.

---

[5] Plaintiff should also be aware that any claim for monetary relief against DHHS under Title II of the ADA claim may also be subject to an Eleventh Amendment defense. *See United States v. Georgia*, 546 U.S. 151 (2006); *see also Klinger v. Dir., Dep't of Revenue*, 455 F.3d 888 (8th Cir. 2006). Further, public officials cannot be sued in their individual capacities under the ADA. *See Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999)* (en banc) (explaining that Title II provides disabled individuals redress for discrimination by a "public entity," which does not include individuals).

Plaintiff's Complaint fails to state a claim upon which relief may be granted. On its own motion, the court will allow Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted.

### IV. MOTION FOR COUNSEL

Plaintiff seeks the appointment of counsel. (Filing No. 1; Filing No. 6.) The court cannot routinely appoint counsel in civil cases. *In Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have until **May 30, 2017** to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint no later than that date will result in dismissal of this action without further notice.

2. Plaintiff's motions for the appointment of counsel (Filing No. 1; Filing No. 6) are denied without prejudice to reassertion.

3. The clerk's office is directed to set a pro se case management deadline using the following text: May 30, 2017: check for amended complaint.

Dated this 5th day of April, 2017.

> BY THE COURT:
>
> s/ *Richard G. Kopf*
> Senior United States District Judge

9